**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEVERLLY JEWERLLY CO., LTD.,** | : | **Case No. 1:06cv1967** |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **TACORI ENTERPRISES,** | : | **ORDER** |
| | : | |
| **Defendant.** | : | |

This Order resolves two motions currently pending in this matter: (1) a Motion to Consolidate filed by Plaintiff Beverlly Jewerlly Co., Ltd. ("Beverlly") (Doc. 3), and (2) a Motion to Transfer filed by Defendant Tacori Enterprises ("Tacori") (Doc. 7). For the reasons outlined below, the Court **DENIES** Beverlly's Motion to Consolidate and **GRANTS** Tacori's Motion to Transfer.

## I.      BACKGROUND

In order to give context to these motions, the Court first must briefly describe this case and two other actions that are currently pending. Tacori is a party in all three relevant actions. In *Tacori Enterprises v. Rego Manufacturing*, Case No. 1:05cv2241 (hereinafter, "the Ohio Tacori Litigation"), Tacori, a California corporation, brought suit against Rego Manufacturing ("Rego"), an Ohio corporation, alleging, among others, copyright and trade dress infringement based on Rego's sale of a discrete number of certain rings, which Tacori claims infringe intellectual property rights Tacori holds in its own Crescent Silhouette Rings. Rego contends

that it purchased the alleged infringing rings from Beverlly, a Hong Kong corporation that distributes jewelry in the United States, and that Tacori does not hold any valid rights in its Crescent Silhouette Rings because Beverlly holds prior rights in the ring design.  Tacori filed that complaint in this Court on September 23, 2005.

On August 3, 2006, Beverlly moved to intervene in the Ohio Tacori Litigation, a motion that the Court denied because the scope of Beverlly's dispute with Tacori was significantly broader than the scope of Tacori's dispute with Rego and contained only minor overlapping issues.  Thereafter, on August 17, 2006, Beverlly initiated the instant action in the Northern District of Ohio, captioned *Beverlly Jewellry Co., Ltd. v. Tacori Enterprises*, Case No. 1:06cv1967 (hereinafter, "the Beverlly Litigation").  In that action, Beverlly brings claims for, among others, trade dress infringement, unfair competition, and copyright infringement, based on the entirety of Tacori's sale of Tacori's Crescent Silhouette Rings, which Beverlly claims it designed and sold to Tacori before Tacori obtained its copyright and marketed the rings. Rego and Beverlly are represented by the same attorneys, who are located in Cleveland, Ohio.

On the same day that Beverlly initiated the Beverlly Litgation - August 17, 2006 - Tacori filed a complaint against Beverlly in the Central District of California, captioned *Tacori Enterprises v. Beverlly Jewerlly Co., Ltd.*, Case No. CV06-5170 (hereinafter, "the California Tacori Litigation").  In its complaint, Tacori alleges copyright and trade dress infringement based on Beverlly's sale of the rings at issue in all three cases. The parties do not dispute that the Beverlly Litigation against Tacori was filed before the California Tacori Litigation against Beverlly (i.e., earlier the same day).

2

## II.     MOTION TO CONSOLIDATE

Rule 42(a) of the Federal Rules of Civil Procedure provides that,

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The decision whether to consolidate cases is a matter within the sound discretion of the trial court.  *See United States v. Vasi*, 1991 WL 557609, at *4 (N.D. Ohio May 6, 1991).  In exercising its discretion, a court should weigh "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Id.*

In its Motion to Consolidate, Beverlly seeks to consolidate the instant case - the Beverlly Litigation against Tacori - with the Ohio Tacori Litigation against Rego that has been pending since September 2005.  Beverlly argues that its claims against Tacori in this case are the same claims that Rego makes in its defense in the Ohio Tacori Litigation (that Beverlly holds prior rights in the rings), and, therefore, that the cases are appropriate for consolidation.  In response, Tacori argues that consolidation is inappropriate because, although there are some overlapping issues, the scope of the Beverlly litigation will far exceed the scope of the Ohio Tacori Litigation and will unduly delay the case.

In this case, the Court concludes that the limited efficiency that would result in consolidating the Beverlly Litigation and the Ohio Tacori Litigation do not outweigh the fact that the overlapping issues between the two cases are relatively minor and that the scope of the Beverlly Litigation goes well beyond the issues raised by Rego.  Many of the arguments raised by the parties in connection with this motion mirror arguments raised by the parties in

3

Beverlly's motion to intervene in the Ohio Tacori Litigation.  For the reasons that Beverlly's

motion to intervene was denied, the present motion must also be denied.

The Ohio Tacori Litigation has been pending for almost a year longer than the Beverlly

Litigation, and it involves a much smaller scope of issues than are involved in the Beverlly

Litigation.  For example, the Ohio Tacori Litigation involves issues relating to a limited number

of ring purchases from only one purchaser of Beverlly's rings (Rego), whereas the Beverlly

Litigation potentially involves not only all purchasers of Beverlly's rings in the United States

and Beverlly's nationwide marketing efforts, if any, in connection with those rings, but all sales

of Tacori's rings to all of its United States purchasers - which the parties concede does not

include Rego.   Under those circumstances, consolidation would cause the Ohio Tacori

Litigation to be subsumed by a much broader ambit of discovery and issues without any

substantial benefit to the efficient progression of those cases.[1]  For those reasons, the Court

concludes that consolidation is not appropriate in this case and that Beverlly's Motion to

Consolidate must be denied.

---

[1]  Beverlly argues that consolidating the two cases would be efficient because the same
evidence and depositions are relevant to both cases.  Although that argument has some merit, it is
not enough to outweigh the factors militating against consolidation.  The argument is also
diminished by the fact that, to the extent Rego has obtained discovery from Tacori that Beverlly
can use in its dispute with Tacori, those efforts will not need to be duplicated.  In addition, to the
extent that Rego and Beverlly will be engaging in the same discovery for their respective cases,
those discovery efforts can be coordinated by the parties whether or not those actions are
formally consolidated.

4

III.    **MOTION TO TRANSFER**[2]

Under 28 U.S.C. §1404(a), this Court may transfer a civil case to any other district or division where it may originally have been brought "[f]or convenience of parties and witnesses [and] in the interest of justice." When considering a §1404(a) motion to transfer venue, a "district court must also weigh in the balance and the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Organization, Inc v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The party moving for the transfer has the burden of showing that these factors weigh "strongly" in favor of transfer. *Picker International, Inc. v. Travelers Indemnity Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

Ordinarily, a plaintiff's choice of forum deserves substantial deference. *Piper Aircraft v. Reyno*, 454 U.S. 235, 242 (1981). Where a "plaintiff has little or no connection to the chosen forum," however, the choice of forum should be given less weight. *US v. Cinemark USA, Inc.*,

---

[2] Although neither party raises this issue, in situations where there are two suits with substantially the same parties and purpose pending in different courts (as is true in this case), this Court follows the rule that the court in which the case was first filed should determine whether to retain jurisdiction. *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1042 (N.D. Ohio 2001) (Carr., J.). Because Beverlly filed its complaint against Tacori in this forum before Tacori filed its complaint against Beverlly in the Central District of California, this Court is the appropriate forum to determine where this case should go forward. The undersigned has adhered to that principle in previous cases when it has considered a motion to transfer in a later-filed case and has deferred to sister courts in determining where a case should proceed. *See Bionix Development Corp. v. Veteran Medical Products, Inc.,* 2006 WL 2077036 (N.D. Ohio July 24, 2006). In continued adherence to that principal, the undersigned concludes that this is the appropriate forum to decide whether this case should go forward in this forum or be transferred to the Central District of California, though it acknowledges that a similar motion to transfer is pending in California whereby Beverlly seeks to transfer te claims Tacori asserted there to this Court.

66 F. Supp. 2d 881, 888 (N.D. Ohio 1999);  *see also Cescato v. Anthem, Inc.*, 2005 WL 3487974, at *2 (N.D. Ohio, December 21, 2005) (plaintiff's choice of forum is given less consideration when it is not plaintiff's residence).

In addition, under the so-called first to file rule, "when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment." *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999) (quoting *In Re Burley*, 738 F.2d 981, 988 (9th Cir.1984)).  The rule typically is invoked where two suits that involve "substantially the same parties and purpose" are filed in concurrent jurisdictions. *Id.* at 903. "However, the same party and same issue is not an absolute requirement." *Id*.

Even where a court has the first-filed case before it, however, the court has discretion to dispense with the first to file rule for reasons of equity. *Id.* at 905. "The most basic aspect of the rule is that it is discretionary," and it should not be given a "rigid mechanical" application. *Id.*, citing *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).  Exceptions to the rule apply in cases of "bad faith, anticipatory suits, and forum shopping." *Id.*, quoting *Alltrade*, 946 F.2d at 628.  In addition, "a court may also relax the rule if the balance of convenience weighs in favor of the later-filed action." *Id.*, quoting *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270-271 (C.D. Cal. 1998).

In its Motion to Transfer, Tacori seeks to transfer the Beverly Litigation to the Central District of California, where the California Tacori Litigation against Beverly is currently pending.  In support of its motion, Tacori argues that both Tacori and Beverly, the two parties

6

to this litigation, have little if any connection to this forum.   Tacori points out that it is a California corporation with its principle place of business in California; it has no offices, employees or corporate presence in Ohio; and only five of the 528 (less than 1%) retail jewelry stores to which Tacori sells its rings are located in Ohio.  Likewise, Tacori argues that Beverlly is a Hong Kong corporation with its manufacturing facilities in China; and Beverlly has no connection with Ohio other than the fact that it sold a relatively small number of its rings to an Ohio retailer (Rego) and its attorneys are located in Ohio.  Tacori argues that, because of Beverlly's tenuous ties to Ohio, Beverlly's choice of forum should be given little or no weight.

Tacori also argues that the convenience of the parties and non-party witnesses, as well as the location of the documents, supports transfer of this matter to California.  Tacori points out that the only relevant non-party witness to this case, Garo Karounian of Anais Corporation, who Tacori asserts is the co-designer of the rings at issue along with Haig Tacorian of Tacori, resides in California; all the relevant documentary evidence is located at Tacori's offices in California or in Beverlly's offices in Hong Kong; and all the events at issue in this lawsuit - including the design of the ring and the transactions between Tacori and Beverlly - either took place in California or Hong Kong.

As for the interests of justice (the public interest factors), Tacori argues that the Central District of California has a greater interest in this litigation because it involves a California corporation, whereas Ohio has only a tangential interest as the location where some ring sales occurred.  In addition, Tacori argues that docket congestion, a public interest factor to be considered by courts in deciding a motion to transfer, favors transfer because the Central District of California has fewer civil actions per judgeship and, correlatively, a faster average

7

disposition time for its actions.  Finally, Tacori contends that the respective courts' familiarity with applicable law is a neutral factor because the causes of action arise primarily under federal statute, and even the Ohio state-law claims in this case - for unfair competition and violation of the Ohio Deceptive Trade Practices Act - are analyzed under substantially similar principles as claims under the Lanham Act.

In response, Beverly argues that its choice of forum should be given substantial weight; that it has two non-party witnesses, both officers of Rego, located in Ohio; and that the related Ohio Tacori Litigation against Rego is pending in the Northern District of Ohio, such that consolidation with that case would increase efficiency and weigh against transfer of this action. Indeed, much of Beverlly's argument is based on the fact that there is a pending motion to consolidate the Beverlly Litigation and the Ohio Tacori Litigation that should preclude transfer of the Beverlly Litigation.  The first portion of this opinion denying that motion to consolidate, of course, renders those latter arguments unpersuasive.

In addressing the parties' arguments, the Court first notes that Beverlly's choice of forum is given less deference in this matter because Beverlly does not reside in the Northern District of Ohio and otherwise has little or no connection to this forum.  *See Cinemark*, 66 F. Supp. 2d at 888.  Other than having sold some small percentage of its rings to Rego, Beverly has not indicated <u>any</u> connection to this forum.  As such, the Court gives Beverlly's choice of forum less weight in deciding the instant motion.

Beverlly's choice of forum, nonetheless, is entitled to some weight.  In addition, the presumption that this Court should retain jurisdiction is further strengthened by the fact that,

despite Beverlly's erroneous concession, this is the first-filed action.[3]  Even with those presumptions, however, the Court concludes that Tacori has satisfied its burden of demonstrating that transfer of this matter is appropriate.  For the reasons explained below, therefore, the Court grants Tacori's motion to transfer this action to the Central District of California.

Having addressed the weight that should be given to Beverlly's choice of forum, and having mooted Beverlly's argument that the case should not be transferred because, instead, it should be consolidated with the Ohio Tacori Litigation, the Court reads Beverlly's only remaining argument to be that it has two non-party witnesses in this judicial district.  Those non-party witnesses are both officers of Rego, which purchased rings from Beverlly.  The issue in the Beverlly Litigation focuses almost entirely on whether and when Tacori or Beverlly designed the alleged infringing rings and the extent to which those companies marketed their rings before any sales to Rego occurred.  As Tacori points out, the evidence required to resolve those issues is located primarily, if not exclusively, in California and Hong Kong, where the parties allegedly responsible for designing, producing, and marketing the rings, as well as the

---

[3]  Beverlly erroneously states that, because both Beverlly and Tacori filed their cases on the same day, "[n]o one wins the first to file rule."  (Beverlly's Opposition, Doc. 10 at p. 8).  Although Beverlly (unnecessarily) concedes this point, this Court has held at least twice that the mere fact that cases are filed on the same day, by itself, does not require the Court to dispense with the first to file rule.  *See Plating Resources*, 47 F.Supp.2d at 904 (rejecting an argument that the Court should ignore the chronology of the filing of two cases because they were filed on the same day); *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041 (N.D. Ohio 2001) (holding that, in a situation where two cases were filed in separate districts only twelve minutes apart, the first-filed court should determine in which forum the case should proceed).  The Court, therefore, treats the Beverlly Litigation as the first-filed action and starts its analysis with the general premise that it should go forward.

relevant documents, are located.  To the extent that individual customers around the nation are relevant, moreover, Tacori argues that there is no greater concentration in Ohio than in many other states.  The only non-party witness related to the <u>design</u> of the rings that the parties have identified is Garo Karounian of Anais Corporation, who resides in the Central District of California.  Neither of the two Rego witnesses have anything to do with the design of the rings, and likely only have minimal relevance to the marketing of the rings at issue in this case.  Simply put, the evidentiary value of their testimony to the central issues in the Beverlly Litigation is minimal at best.   The location of those witnesses, therefore, does not support retention of the case by this Court.

Aside from the location of those two Rego officers, Beverlly does not put forward any other arguments as to why the Northern District of Ohio is a more convenient forum.  In addition, Beverlly does not point to any public interest factors that support proceeding in this forum.  In light of the strong factors that weigh in favor of transferring this matter to the Central District of California, including the lack of any significant connection of <u>either</u> party to this forum, the location of the parties, the location of the only relevant non-party witness, and most, if not all, of the relevant documentary evidence, the Court concludes that transfer is appropriate.  Even though Beverlly filed its case in this Court before Tacori filed its case in the Central District of California, this is such a situation where the first to file rule should be relaxed because "the balance of convenience weighs in favor of the later-filed action."  *Plating Resources*, 47 F. Supp.2d at 905.

IV.     **CONCLUSION**

For the reasons outlined above, Beverlly's Motion to Consolidate (Doc. 3) is **DENIED** and Tacori's Motion to Transfer (Doc. 7) is **GRANTED**.  This case, therefore, is **TRANSFERRED** to the Central District of California, where *Tacori Enterprises v. Beverlly Jewerlly Co., Ltd.*, Case No. CV06-5170, is currently pending before the Honorable Gary A. Feess.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 13, 2006**

11